IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DIVONTE CALHOUN,
#M28853,

       Plaintiff,

v.

DAVID MITCHELL,
LU WALKER,
DEVAN FISCHER,
BRIAN BANKS,
AUSTIN LASTER,
Z MOORE,
CALVIN PIND,
JACOB HORN,
KIM JOHNSON,
CURTIS L MOORE,
MR. FLORITINI,
R HUGHES,
D WILLIFORD, and
JOHNATHAN WINTERS,

       Defendants.

Case No. 22-cv-00509-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff DiVonte Calhoun commenced this civil action while incarcerated in the Illinois Department of Corrections. Plaintiff brings his claims pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while at Shawnee Correctional Center. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance*

*Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE FIRST AMENDED COMPLAINT

Plaintiff alleges the following: On December 17, 2020, Lieutenant Banks placed Plaintiff in segregation under investigation status. (Doc. 31, p. 15). That same day, Pind, a member of the internal affairs unit, issued Plaintiff a "search record/confiscated contraband slip." (*Id.* at p. 16). The slip does not record or reference drugs or drug paraphernalia as being in Plaintiff's possession. (*Id.*). On December 21, 2020, Plaintiff was served an investigation report that did not inform him of the subject of the investigation. (*Id.* at p. 15). Plaintiff was interviewed by a member of the internal affairs unit, Z. Moore, on January 7, 2021. On January 13, 2021, Plaintiff was served with a disciplinary report for violation of "203 – Drugs and Drug Paraphernalia, Gambling, and Giving False Information to an Employee." (*Id.*). The disciplinary report was based on information obtained from a confidential source. (*Id.* at p. 16).

On January 14, 2021, Lieutenant Laster found Plaintiff guilty of the conduct alleged in the disciplinary report. (Doc. 31, p. 16). Walker, who is the second warden at Shawnee Correctional Center, approved the decision of finding Plaintiff guilty. (*Id.* at p. 21). Walker's approval was done in violation of the rules of the Illinois Department of Corrections, which provide that the Chief Administrative Officer is required to review all disciplinary procedures and actions.

Several months later, on September 13, 2021, Pind came to Plaintiff's cell and ordered Plaintiff to get dressed. (Doc. 31, p. 18). Plaintiff was taken to a room, and Pind asked Plaintiff to cancel Grievance #2021-1-58. When Plaintiff refused, Pind stated that if Plaintiff did not cancel the grievance, then "we will find a reason to write you another ticket within the next week and trust me its going to get worse. You're going to loose[sic] this battle." Out of fear of retaliation, Plaintiff signed an offender grievance cancelation form. Plaintiff then filed another grievance against Pind for harassment, bribery, and intimidation.

**PRELIMINARY DISMISSALS**

The Court dismisses all claims against Devon Fischer. Fischer is listed as a defendant in the case caption, but there are no allegations against this individual in the body of the First Amended Complaint.

The Court also dismisses all claims against Kim Johnson, Jonathan Winters, and Floritini. Plaintiff claims that these individuals mishandled his grievances by not reviewing them in a timely manner. (Doc. 31, p. 7). As the Court previously stated in the original merit review order, the mishandling of grievances, standing alone, does not state a constitutional claim. (Doc. 25, p. 9). "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Plaintiff asserts that Horn and Williford fabricated "document DOCO300" by stating that no disciplinary report or incident report was written. When in fact, Plaintiff did receive a disciplinary report. (Doc. 31, p. 8). These allegations, as pled, also do not sufficiently state a claim for a constitutional violation. Fabricating a search record/confiscated contraband slip does not constitute an "extreme deprivation" sufficient to violate the Eighth Amendment, and it is not clear how fabricating document DOCO300 would have resulted in the deprivation of a liberty interest requiring procedural due process under the Fourteenth Amendment. (*See* Doc. 25, p. 8). Thus, all claims against Horn and Williford are dismissed.

The Court dismisses all claims against C. Moore. Similar to the original Complaint, Plaintiff again claims that C. Moore is named as the incident officer on the final summary of the Adjustment Committee when the officer who wrote the disciplinary report was Z. Moore. (Doc.

31, p. 9). He states this action violated his constitutional rights. For the reasons stated in the original merit review order, C. Moore is dismissed. (*See* Doc. 25, p. 3-4). Plaintiff does not describe any conduct on the part of C. Moore or C. Moore's involvement in any constitutional violations.

### DISCUSSION

Based on the allegations of the First Amended Complaint, the Court finds it convenient to designate the following counts:

**Count 1:** Fourteenth Amendment claim against Banks, Z. Moore, Laster, Pind, Hughes, Mitchell, and Walker for the denial of due process in connection with placement of Plaintiff in segregation beginning on December 17, 2020, and the subsequent interview, issuance of a false disciplinary ticket, and disciplinary hearing.

**Count 2:** Eighth Amendment claim for cruel and unusual punishment against Pind for threatening Plaintiff for writing a grievance.

**Count 3:** Fourteenth Amendment due process claim against Pind for threatening Plaintiff for writing a grievance.

**Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Count 1

As the Court has previously stated, when a plaintiff brings an action under Section 1983 for procedural due process violations, he must plead that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court reviewing a due process claim must, therefore, engage in a two-part inquiry: (1) was there a protected interest at stake that necessitated the protections demanded by due process; and (2) was the disciplinary hearing process conducted

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

in accordance with procedural due process requirements?

Here, Plaintiff complains that Defendants did not follow procedures regarding (1) his placement in segregation under investigative status; (2) the investigative report; (3) his interview with Z. Moore; (4) the disciplinary report; (5) the disciplinary hearing; and (6) the final summary by the Adjustment Committee. He does not, however, describe his conditions in segregation or otherwise claim that he was denied any kind of liberty interest. Plaintiff does not have a constitutional right to remain in general population, and placement in segregation, standing alone, does not deny Plaintiff of a protected liberty interest. (*See* Doc. 25, p. 5-6). Without the violation of a liberty interest, no due process is required.

Furthermore, to the extent Plaintiff is attempting to claim he was denied due process because Illinois Department Rule 504 was not followed by Defendants, such claim also fails. A "violation of prison rules does not, without more, offend the Constitution." (Doc. 25, p. 7) (quoting *Owens v. Funk,* 760 F. App'x 439, 443 (7th Cir. 2019)). Accordingly, Count 1 is dismissed.

## Count 2

Plaintiff claims that Pind threatened him with a disciplinary ticket and to make things worse for Plaintiff if he, Plaintiff, did not cancel a grievance he had written. After canceling the grievance, Plaintiff wrote a subsequent grievance reporting Pind's conduct.

"Simple or complex, most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster,* 803 F. 3d 356, 358 (7th Cir. 2015). *See Hughes v. Farris,* 809 F. 3d 330, 334 (7th Cir. 2015) ("threats of grave violence can constitute cruel and unusual punishment"); *Dobbey v. Ill. Dep't of Corr.,* 574 F. 3d 443, 445 (7th Cir. 2009) ("harassment, while regrettable, is not what comes to mind when on things of 'cruel and unusual' punishment"). Here, Pind threatening Plaintiff with a disciplinary ticket if he did not withdraw a grievance does not rise to the level of severe harassment required for a constitutional violation.

Count 2 is dismissed.

**Count 3**

Count 3 is also dismissed. Plaintiff claims that Pind violated his due process rights and state statute 730 ILCS 5/3-8-8 by impeding his ability to file a grievance. Plaintiff also asserts that because Pind was the subject of the grievance, Pind should not have been the person reviewing the grievance.

As stated above, the mishandling of a grievance or somehow impeding the grievance process does not state a constitutional claim. *See Antonelli v. Sheahan*, 81 F.3d at 1430. Therefore, Pind did not violate Plaintiff's due process rights by restricting his ability to file a grievance. Additionally, 730 ILCS 5/3-8-8 does not provide for any private right of action. Plaintiff has not stated a claim under the constitution or state law, and therefore, Count 3 is dismissed.

Because there are no claims that survive preliminary review, the First Amended Complaint is dismissed. The Court has already given Plaintiff the opportunity to replead his claims, but Plaintiff disregarded many of the Court's instructions provided in the original merit review order. Thus, the Court finds that any further amendment would be futile. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). The First Amended Complaint and this entire case will be dismissed with prejudice for failure to state a claim upon which relief can sought.

**PENDING MOTIONS**

The motion to proceed *in forma pauperis* is **DENIED.** Plaintiff has already paid the full filing fee. (Doc. 29).

This case is dismissed with prejudice, and therefore, the motion for recruitment of counsel is **DENIED as moot.** (Doc. 28).

**DISPOSITION**

For the reasons stated above, the First Amended Complaint and this entire action are

**DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   October 4, 2023

                                              *s/Stephen P. McGlynn*
                                              **STEPHEN P. MCGLYNN**
                                              **United States District Judge**